NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY SILVERIA,

Plaintiff-Appellant,

v.

DENIS MCDONOUGH, Secretary of the
Department of Veterans Affairs,

Defendant-Appellee.

No.    20-17457

D.C. No. 3:19-cv-06600-EMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted January 14, 2022**
Pasadena, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,*** District
Judge.

Silveria filed an action under the Rehabilitation Act of 1973, 29 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

§ 701 *et seq.*, against the U.S. Department of Veterans Affairs ("VA") alleging that he experienced a disability-based hostile work environment while working at the VA. The VA moved to dismiss the Complaint, arguing that Silveria failed to state a hostile work environment claim because he did not adequately allege "verbal or physical conduct of a harassing nature." The district court granted the VA's motion, and we affirm.

"An employer is liable . . . for conduct giving rise to a hostile environment where the employee proves (1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (quoting *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000)).[1] The first requirement, "conduct of a harassing nature," typically involves "physical touching" or "repeated comments and gestures" based on a protected characteristic. *Id.* at 1206-07; *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (describing a

---

[1] We assume without deciding that such a claim can be brought under the Rehabilitation Act when the hostile work environment is based on a disability. Although Silveria questions whether certain elements of a Title VII hostile work environment claim "make[] sense for [hostile work environment] *disability discrimination* claims," he provides no reason to deviate from Title VII's standards.

hostile work environment as a "workplace . . . permeated with 'discriminatory intimidation, ridicule, and insult'" (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986))).

The factual allegations in the Complaint do not create an inference that Silveria experienced "conduct of a harassing nature." Silveria alleges that his managers repeatedly disciplined him while he was on medical leave, including by ordering him to return to work, charging him with being absent without official leave, and eventually suspending and removing him from his job. According to the Complaint, Silveria's managers continually asserted that he failed to provide proper medical documentation and otherwise to comply with the VA's leave request procedures when they disciplined him. These allegations mainly describe a series of adverse employment actions—as would more typically be asserted in support of a disparate treatment claim for discriminatory discipline or firing— without even a suggestion that the actions involved any sort of "intimidation, ridicule, and insult." *Meritor Sav. Bank*, 477 U.S. at 65. Indeed, Silveria had already challenged the same alleged employment conduct in a previous action asserting a disparate treatment claim. That action was dismissed with prejudice, and Silveria did not appeal. *Silveria v. Wilkie*, No. 18-cv-07327, 2020 WL 820377, at *10 (N.D. Cal. Feb. 19, 2020). Although a plaintiff might be able to state a hostile work environment claim in part by alleging differential treatment,

3

*see, e.g.*, *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1108-18 (9th Cir. 2004) (considering evidence of a discriminatory denial of overtime pay along with racial insults, taunts, and graffiti in evaluating a hostile work environmental claim), Silveria has not alleged a hostile work environment here.

The district court did not err in denying Silveria leave to file a fourth amended complaint. As the district court observed, Silveria was provided numerous opportunities to amend his various pleadings yet failed to state a claim. *See William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009). Silveria "points to no additional facts that . . . [would] cure the[] deficienc[y]" that warrants dismissal. *Metzler Inv. GMBH v. Corinthian Colls.*, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008). Accordingly, "the complaint could not be saved by any amendment." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)).

**AFFIRMED.**